**\*E-FILED 5/11/06\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUAN MEDINA, MARIA ANTOINETTE GARCIA, ET AL.., <br><br>    Plaintiffs, <br><br>  v. <br><br> ARGENT MORTGAGE COMPANY, ET AL., <br><br>    Defendants. <br>_____/ | NO. 05-cv-2905 RS <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF CRIMINAL ACTION, DENYING MOTION TO SEVER** |

## I. INTRODUCTION

Defendants Summit Mortgage Realty, Inc., Esperanza Valverde, Herman Covarrubias, and Cesar Valverde[1] request a stay of the above-entitled action due to the pendency of a criminal action against defendants Valverde and Covarrubias, alleged to be employees of Summit. Plaintiffs oppose the request, arguing that they will suffer prejudice if the Court grants a stay. The motion was fully briefed and originally set to be heard in February of 2006. Initially the parties requested a continuance, and the Court subsequently continued the matter on its own motion in light of the fact that the Panel for Multi-Jurisdiction Litigation had issued a preliminary decision transferring this for

---

[1] Cesar Valverde is also known as "Cesar Ponte" and will hereinafter be referred to as "Ponte." Esperanza Valverde will hereinafter be referred to as "Valverde."

1 pre-trial purposes to the Northern District of Illinois.

2 The proceedings to determine whether this action will become part of the multi-district
3 litigation are still pending. In the meantime, defendant R+Financial, Inc. dba Amerimac First
4 Mortgage ("Amerimac") has filed a motion to sever and proceed separately. In view of the
5 uncertainties that would arise from delaying action on these issues indefinitely, the Court heard oral
6 argument on both motions on May 3, 2006. Based on all papers filed to date, as well as on the oral
7 argument of counsel, the Court grants the request for a stay, and denies the motion to sever, for the
8 reasons expressed below.

## II.  BACKGROUND

10 This civil action arises as a result of defendants' alleged "predatory and abusive" lending
11 practices in extending home mortgage loans to plaintiffs who are monolingual Spanish-speaking
12 homeowners. As a result of what they contend are unfair mortgage rates and terms, plaintiffs face
13 the possibility of foreclosure on their homes. Although plaintiffs filed their complaint in this Court
14 in August 2005, they did not serve moving defendants until November 15, 2005.

15 Defendants answered the complaint, asserting their Fifth Amendment rights against self-
16 incrimination based on the criminal complaint which had been filed against them by the Santa Clara
17 County District Attorney on March 21, 2005. In the criminal action, Valverde and Covarrubias are
18 accused of stealing personal property and committing other wrongful acts against plaintiffs Juan
19 Medina, Maria Garcia, Oscar Alaniz, Francisco Lopez, Maria Carrillo, Maria Reyes, Joseph and
20 Yolanda Hidalgo, and Carlos and Veronica Aparicio, in connection with the refinancing of plaintiffs'
21 properties. Defendants now move to stay this action until the conclusion of the criminal proceedings,
22 which they estimate will be concluded by this summer. Plaintiffs oppose the request to stay these
23 proceedings, arguing that they can proceed with at least some discovery, that the corporate
24 defendant cannot assert the Fifth Amendment, and that they may suffer prejudice through the
25 dissipation of defendants' assets throughout the course of defendants' criminal trial.

26 Defendant Amerimac is alleged to have participated in one of the transactions at issue,
27 involving a loan made to plaintiffs Alberto and Maria Reyes. Contending that it should not be
28 thrown together in one action with several other more centrally-involved parties, particularly should

2

the matter become part of the multi-district litigation, Amerimac contends that the controversy between it and the Reyes should be severed.  Plaintiffs oppose the motion.  The remaining defendants have indicated they do not object to the severance in this instance.

### III.  DISCUSSION

A.  <u>Motion to Stay</u>

"While a district court may stay civil proceedings pending the outcome of parallel criminal proceedings, such action is not required by the Constitution." <u>Federal Sav. and Loan Ins. Corp. v. Molinaro</u>, 889 F.2d 899, 902 (9th Cir. 1989).  In determining whether to stay civil proceedings, a court should generally consider several factors, including: 1) the extent to which the defendant's fifth amendment rights are implicated; 2) the interests of the plaintiffs in proceeding expeditiously with the litigation; 3) the burden which any particular aspect of the proceedings may impose on the defendants; 4) the convenience of the court in the management of its cases, and the efficient use of judicial resources; 5) the interests of persons not parties to the civil litigation; and, 6) the interest of the public in the pending civil and criminal litigation. <u>Id.</u>

Analysis of the factors noted above dictate that the present case should be stayed. There is no real dispute that the fifth amendment rights of defendants Valverde and Covarrubias  are clearly implicated based on the similarity of the allegations contained in the criminal complaint with those raised in the present action.  Although plaintiffs correctly note that the corporate defendant cannot invoke the protections of the fifth amendment, they fail to recognize the important fact that the individual defendants are the persons most knowledgeable and the persons whom the corporation would designate to testify on its behalf. In fact, it does not appear that there are any other corporate personnel who could be so designated. In contrast, plaintiffs only recently filed this action and, moreover, failed to serve defendants promptly with the summons and complaint, thereby at least implicitly indicating no particular urgency regarding the prosecution of their civil action.

In contrast, significant burdens would be imposed on defendants were they forced to defend parallel civil and criminal proceedings which implicate not only the individual defendants' fifth amendment rights, but also their discovery obligations.  While plaintiffs may perhaps be correct that

1   they could at least obtain relevant documents during discovery, engaging in that process piecemeal
2   would not appear to advance the litigation in any significant manner. Moreover, the current estimate
3   is that the criminal case will be scheduled for trial within a relatively short time frame and that,
4   accordingly, those proceedings will be concluded within the next six (6) months. As discovery has
5   not yet begun in this case, only the initial pleadings have been filed, and no dispositive motions have
6   yet been presented, the efficient use of judicial resources favors a stay in this action.

Although plaintiffs argue they will suffer prejudice if this case is stayed, they have failed to present any evidence to support that argument. To the contrary, the record indicates that plaintiffs waited four months before serving their complaint on defendants. While it is certainly plausible that valid reasons supported such a delay, it undercuts plaintiff's entitlement to complain about a roughly similar delay.  While plaintiffs mention other prejudicial factors, such as the continued operation of defendants' business through which defendants could be defrauding other innocent homeowners or the possibility of defendants using their present assets to pay for their defense costs, the record is devoid of support for these arguments. Accordingly, weighing and balancing the factors noted above, this action will be stayed through August 31, 2006, in consideration of the criminal proceedings currently underway against defendants Valverde and Covarrubias.

B.  Motion to Sever

Rule 20 (a) of the Federal Rules of Civil Procedure provides:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.  All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

In considering the propriety of a joinder under this rule, the Ninth Circuit has observed,

> We start with the premise that Rule 20, Fed.Rules Civ.Proc., regarding permissive joinder is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits. [Citation.]   As stated by the Supreme Court in United Mine Workers of America v.

4

Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966):"Under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."

League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977).

Here, Amerimac contends that there is no particular relationship among the various plaintiffs and their respective claims other than the fact that all are generally alleged to have been victimized in similar ways, including through exploitation of their limited English language skills. Amerimac emphasizes that it is charged only with having participated in a single, self-contained loan transaction, only involving the Reyes plaintiffs, and that it only is allegedly to have received fees of approximately $17,000 for so doing. Amerimac dismisses the allegations of agency between the defendants as "clearly erroneous boilerplate."

Amerimac's characterization of the complaint, however, unduly minimizes the basic nature of what the plaintiffs are alleging. In broad terms, plaintiffs are alleging an ongoing scheme and enterprise, headed by the individual defendants, where those individual defendants repeatedly victimized persons in similar circumstances, with the assistance of various mortgage brokers, including Amerimac. It may be true that Amerimac is only alleged to have participated in one of the loans at issue, and it may be true that the allegation of an agency relationship existing as among and between *all* of the defendants is conclusory and insufficiently supported by allegations of fact. What is sufficiently alleged, however, is the common thread that defendant Valverde (at a minimum) was at the center of all of these transactions, working in concert with the other defendants (including Amerimac) to carry out her alleged scheme. Indeed, although the complaint somewhat ambiguously alleges that Valverde was employed by Amerimac or defendant Summit (FAC para 24), it plainly links Amerimac to Valverde and the other defendants' overall practices.

While it is not clear what, if any, liability the other defendants might have to the Reyes if they were to prove their allegations, it seems likely that any liability of Amerimac to the Reyes would be joint and several, at least in part, with any liability of Valverde to the Reyes. Under these circumstances, it would be anomalous to require severance such that the Reyes would be forced to

litigate their claims against Valverde and Amerimac in two separate lawsuits.[2]

Denial of severance at this junction does not mean that all of these claims necessarily will ultimately be tried in a single proceeding. The Court retains its discretion under Rule 20 (b) of the Federal Rules of Civil Procedure to "make such orders as will prevent a party from being embarrassed, delayed, or put to expense by the inclusion of a party against whom the party asserts no claim and who asserts no claim against the party, and may order separate trials or make other orders to prevent delay or prejudice," should circumstances warrant as this case develops. On the present record, however, and based on the allegations of the complaint as to the nature of the individual defendants' mode of operation, the motion will be denied.

## V.  CONCLUSION

Defendant Amerimac's motion to sever is DENIED. The remaining defendants' motion to stay this action in consideration of the criminal case pending against defendants Valverde and Covarrubias in Santa Clara County Superior Court is GRANTED. This action is hereby STAYED through August 31, 2006. Defendants shall file and serve a status report with this Court on or before August 15, 2006, setting forth the status of the criminal action.

IT IS SO ORDERED.

Dated: May 11, 2006

RICHARD SEEBORG
United States Magistrate Judge

---

[2] To the extent that Amerimac's may have envisioned that, after severance, the Reyes would proceed against Amerimac <u>and</u> Valverde in the separate suit, a similar inefficiency would result in that Valverde would be forced to defend two suits with overlapping issues.

6

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

Philip M. Adleson    padleson@ahk-law.com, tclark@ahk-law.com

Kerstin Arusha    kerstina@lawfoundation.org

Peter N. Brewer    pbrewer@brewerfirm.com, julia@brewerfirm.com

Moses Diaz    mosesd@lawfoundation.org, moses@ucdavis-alumni.com

Kyra Ann Kazantzis    kyrak@lawfoundation.org

Hsiao C. Mao    mmao@ahk-law.com, dvajretti@ahk-law.com

Jack R. Nelson    jnelson@reedsmith.com, cahunt@reedsmith.com; jnelson@reedsmith.com

Paul E. Rice    price@rutan.com, erice@rutan.com

James F. Zahradka , II    jamesz@lawfoundation.org, teresam@lawfoundation.org

**Dated: May 11, 2006**                                    **Chambers of Judge Richard Seeborg**

                                                                                      **By:        /s/ BAK**