**United States District Court**
For the Northern District of California

\*E-FILED ON 3/21/07\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRAULIO RODRIGUEZ, et al., | No. C05-02904 HRL |
| Plaintiffs, | No. C05-02905 HRL |
| v. | |
| SUMMIT MORTGAGE REALTY, INC., et al., | **ORDER GRANTING IN PART AND DENYING IN PART THE SUMMIT DEFENDANTS' REQUEST TO EXTEND STAY** |
| Defendants. / | |
| JUAN MEDINA, et al., | |
| Plaintiffs, | |
| v. | [Re: C04-02904, Docket No. 46] |
| ARGENT MORTGAGE COMPANY, et al., | [Re: C05-02905, Docket No. 95] |
| Defendants. / | |

These civil actions arise from alleged predatory lending practices in connection with home loan mortgages for which plaintiffs seek damages, as well as declaratory and injunctive relief. Both lawsuits are currently stayed in light of an ongoing state criminal proceeding against defendants Esperanza Valverde and Herman Corvarrubias. The stay originally was to expire on January 30, 2007; however, defendants Summit Mortgage Realty, Esperanza Valverde, Herman Covarrubias and Cesar Valverde (aka Cesar Ponte) (the "Summit Defendants") report that the criminal action is still ongoing. They request that the stay be

1  extended through June 30, 2007.

2      There is no objection to the requested extension in Case No. C05-02904 HRL (the *Rodriguez* Action). However, the plaintiffs in Case No. C05-02905 (the *Medina* Action) oppose the Summit Defendants' request. The stay has been extended pending resolution of this dispute. Upon consideration of the papers filed by the parties, and the arguments presented at the March 13, 2007 hearing, the court grants in part and denies in part the Summit Defendants' request.

    "The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citing *Federal Savings & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)). Absent substantial prejudice to the parties involved, simultaneous parallel civil and criminal actions are unobjectionable. *Id*. Nonetheless, a court may exercise its discretion to stay civil proceedings when the interests of justice so require. *Id.* "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" *Id*. (quoting *Molinaro*, 889 F.2d at 902). The court "should consider 'the extent to which the defendant's fifth amendment rights are implicated.'" *Id*. Additionally, the court should also generally consider the following factors:

(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;

(2) the burden which any particular aspect of the proceedings may impose on defendants;

(3) the convenience of the court in the management of its cases, and the efficient use of judicial resources;

(4) the interests of persons not parties to the civil litigation; and

(5) the interest of the public in the pending civil and criminal litigation.

*Id*. at 325.

2

There being no objection to a continued stay in the *Rodriguez* Action, the Summit Defendants' request is granted as to that proceeding.

As for the *Medina* Action, the court previously concluded that the Fifth Amendment rights of defendants Valverde and Covarrubias are clearly implicated in light of the similarity of the allegations in the criminal action and those raised in the instant proceeding. Further, although defendant Summit Mortgage Realty enjoys no such privilege, the court found that (a) Valverde and Covarrubias are the persons most knowledgeable whom the corporate defendant would designate to testify on its behalf; and (b) there appear to be no other corporate personnel who could be so designated. The parties have provided no reason to depart from these conclusions.

It is true that the instant actions have been stayed for a longer period of time than anyone thought would be necessary.[1] Additionally, as the *Medina* plaintiffs point out, the Ninth Circuit has stated that:

> [a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege. Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding.

*Keating*, 43 F.3d 322, 326 (1995) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)).

Nevertheless, plaintiffs have failed to present evidence substantiating their assertions that they have been prejudiced by the stay and will continue to suffer prejudice if the stay is extended for several more months. Nor have they presented any evidence indicating that third parties are vulnerable to becoming victims of the Summit Defendants' alleged fraudulent practices. Moreover, and notwithstanding the stay, plaintiffs have been permitted to file a Second Amended Complaint, as well as a consent decree with respect to a settlement that they

---

[1] Relying upon the declaration of Christian Picone, Valverde's criminal defense attorney, the Summit Defendants suggest that any delay in the criminal action is entirely the fault of the District Attorney and the *Medina* plaintiffs. The *Medina* plaintiffs dispute many of the assertions in Picone's declaration and move to strike it. Suffice to say, this court has simply noted that the conduct of the parallel criminal proceedings apparently is a matter of some disagreement between the parties. Plaintiffs' motion to strike is denied as moot.

reportedly have reached with defendant R+Financial. In sum, plaintiffs have not supported their assertions that the stay is harming them in a way that outweighs the Summit Defendants' Fifth Amendment interests. Accordingly, this court concludes that the stay should be extended for a time as to the Summit Defendants.

However, not all of the defendants in the instant action are defendants in the parallel criminal proceeding, and the stay will be lifted in the *Medina* Action as to the non-Summit Defendants. Moreover, the Summit Defendants are advised that this court is not inclined to stay these proceedings indefinitely. Additionally, on a going-forward basis, the court will require the Summit Defendants to provide monthly reports as to the progress of the criminal case.

Based on the foregoing, IT IS ORDERED THAT:

1. The stay will be extended in the *Rodriguez* Action through **June 30, 2007**. The stay will also be extended through **June 30, 2007** in the *Medina* Action – but only as to the Summit Defendants. If the criminal trial is completed before then, the Summit Defendants shall promptly file a status report so advising the court and the parties in the *Rodriguez* and *Medina* cases.

2. Beginning in April, and on a going-forward basis in both the *Rodriguez* and *Medina* Actions, counsel for the Summit Defendants shall file a monthly status report as to the progress of the criminal case (i.e., what is going on in the case, why, and who is responsible). The status report shall be filed by the fifteenth day of each month. (If the fifteenth day falls on a weekend or a court holiday, the report shall be filed by the next court day).

Dated: March 21, 2007

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:05-cv-2904 Notice will be electronically mailed to**:

Philip M. Adleson padleson@ahk-law.com, tclark@ahk-law.com

Nancy M. Battel nancy@battelaw.com, battelaw@aol.com

Hsiao C. Mao mmao@ahk-law.com, dvajretti@ahk-law.com

James L. Stoelker jstoelker@mount.com, sretes@mount.com

Glenn H. Wechsler glenn@glennwechsler.com

**5:05-cv-2905 Notice will be electronically mailed to:**

Philip M. Adleson padleson@ahk-law.com, tclark@ahk-law.com

Kerstin Arusha kerstina@lawfoundation.org

Peter N. Brewer pbrewer@brewerfirm.com, julia@brewerfirm.com

Moses Diaz mosesd@lawfoundation.org, moses@ucdavis-alumni.com

Matthew Greinert greinertm@howrey.com, jamesjimmy@howrey.com

Kyra Ann Kazantzis kyrak@lawfoundation.org

David A. Makman makmand@howrey.com,

Hsiao C. Mao mmao@ahk-law.com, dvajretti@ahk-law.com

Jack R. Nelson jnelson@reedsmith.com, cahunt@reedsmith.com; jnelson@reedsmith.com

Paul E. Rice price@rutan.com, jmccluskey@rutan.com

James F. Zahradka , II jamesz@lawfoundation.org, teresam@lawfoundation.org

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.