**\*E-FILED:  6/27/2007\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUAN MEDINA, et al.,<br><br>        Plaintiffs,<br>  v.<br><br>ARGENT MORTGAGE COMPANY, et al.,<br><br>        Defendants.<br>_____/ | No. C05-02905 HRL<br><br>**ORDER RE DEFENDANT AMERIMAC'S MOTION FOR A FINDING OF GOOD FAITH SETTLEMENT**<br><br>**[Docket No. 122]** |

     On June 26, 2007, this court heard the "Motion for Finding Good Faith Settlement" filed by defendant R+ Financial, Inc. dba Amerimac First Mortgage ("Amerimac").[1] Defendant Argent Mortgage Company ("Argent") does not oppose the motion.[2] Defendants Summit Mortgage Realty, Esperanza Valverde, Herman Covarrubias and Cesar Valverde (aka Cesar Ponte) (the "Summit Defendants") filed an objection. Defendant BNC Mortgage, Inc. ("BNC") did not file any responsive papers; however, its counsel appeared at the motion hearing to state that BNC agrees with the Summit Defendants' position. Upon consideration of the moving and responding papers, as well as the arguments of counsel, the court issues the following order.

---

[1] The instant lawsuit is related to *Rodriguez v. Summit Mortgage Realty*, C05-02904 HRL. However, the settlement in question does not involve any of the parties to that action.

[2] Argent has filed a third-party complaint against Commonwealth Land Title Company ("Commonwealth"). Commonwealth did not make an appearance on the instant motion.

This action arises from alleged predatory lending practices in connection with home loan mortgages for which plaintiffs seek damages, as well as declaratory and injunctive relief. The Second Amended Complaint, the operative pleading, asserts that defendants have violated a number of federal and state laws. Apparently, only one of the disputed loans was brokered through Amerimac. That loan reportedly involved plaintiffs Alberto and Maria Reyes and defendants Esperanza Valverde, BNC and Amerimac. Plaintiffs and Amerimac have reached a settlement that, among other things, requires Amerimac to pay $17,000 to the Reyes plaintiffs. Amerimac now moves for (a) court approval of the settlement; and (b) entry of a "bar order" precluding any non-settling defendant from seeking contribution or indemnification from it in this or any other action.

Notably, there is no dispute as to the reasonableness of the settlement or to the need for the entry of a bar order. The only issues presented are whether and how Amerimac's proposed bar order should be supplemented as to the apportionment of damages among the non-settling defendants. Plaintiffs contend that the court must include language in the bar order specifying that damages will be apportioned under the *pro tanto* approach. The Summit Defendants urge the court to add language adopting the so-called "proportionate liability" scheme as set out in *Franklin v. Kaypro*, 884 F.2d 1222 (9th Cir. 1989).

Briefly stated, "[i]n a *pro tanto* regime, the amount paid by the settling defendants is deducted from the overall verdict, and the non-settling defendants are liable for the balance." *Fluck v. Blevins*, 969 F. Supp. 1231, 1233 (D. Or. 1997). "By contrast, in a proportionate liability system, the jury determines the amount of total damages and the percentage of culpability for each defendant. The percentage attributable to the settling defendants is then subtracted, and the non-settling defendants are jointly and severally liable for the balance of the damages." *Id*. California has codified the effect of a settlement among one or more joint tortfeasors or co-obligors in legislation espousing the *pro tanto* approach. *See* CAL. CODE CIV. PROC. §§ 877, 877.6; *see also Slaven v. BP America, Inc.*, 958 F. Supp. 1472, 1480 (C.D. Cal. 1997). Settlement of federal claims, by contrast, generally is governed by federal common law.

*See generally McDermott, Inc. v. AmClyde and River Don Castings, Ltd.*, 511 U.S. 202, 207-08 (1994); *Franklin*, 884 F.2d at 1228.

In the instant case, the parties agree that California's settlement law (Cal. Code Civ. Proc. § 877) is substantive, and not merely procedural. *See Slaven*, 958 F. Supp. at 1478, 1484 ("The Ninth Circuit has held that although [California Code of Civil Procedure] § 877.6 is procedural, § 877 amounts to substantive law.") (citing *Fed. Savings & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990)). Thus, absent conflicting federal law, this court is obliged to apply substantive provisions of California's settlement law to plaintiffs' state law claims. *See id.* at 1484 (concluding that federal maritime law preempts the application of California's *pro tanto* approach).

Courts have adopted the proportionate liability scheme in certain kinds of federal cases. *See, e.g., McDermott, Inc.*, 511 U.S. at 217-21 (adopting proportionate liability method in admiralty case); *Franklin*, 884 F.2d at 1231-32 (following proportionate liability approach in securities litigation). However, the parties have not cited (and this court has not found) binding precedent which mandates the application of the proportionate liability approach to the federal claims being asserted by plaintiffs here. Moreover, the Summit Defendants acknowledge that, with respect to plaintiffs' federal claims, the court has discretion to decide whether the *pro tanto* or proportionate liability method should be applied. Under the circumstances presented here, and based on the record currently before the court, there is no apparent inequity to the non-settling defendants if the *pro tanto* approach is adopted. Accordingly, at this time, this court concludes that damages should be apportioned among the non-settling defendants according to the *pro tanto* approach.

Based on the foregoing, IT IS ORDERED THAT:

1. Amerimac's motion for approval of its settlement with plaintiffs is GRANTED. The court will concurrently enter the parties' proposed consent decree; and

3

2. The court will enter the bar order proposed by plaintiffs.

Dated: June 27, 2007

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**5:05-cv-2905 Notice will be electronically mailed to:**

Philip M. Adleson padleson@ahk-law.com, tclark@ahk-law.com

Kerstin Arusha kerstina@lawfoundation.org

Peter N. Brewer pbrewer@brewerfirm.com, julia@brewerfirm.com

Moses Diaz mosesd@lawfoundation.org, moses@ucdavis-alumni.com

Matthew Greinert greinertm@howrey.com, jamesjimmy@howrey.com

Kyra Ann Kazantzis kyrak@lawfoundation.org

David A. Makman makmand@howrey.com,

Hsiao C. Mao mmao@ahk-law.com, dvajretti@ahk-law.com

Jack R. Nelson jnelson@reedsmith.com, cahunt@reedsmith.com; jnelson@reedsmith.com

Paul E. Rice price@rutan.com, jmccluskey@rutan.com

James F. Zahradka , II jamesz@lawfoundation.org, teresam@lawfoundation.org

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

5