*E-FILED: 6/27/2007*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| BRAULIO RODRIGUEZ, *et al.*,<br><br>    Plaintiffs,<br><br>    vs.<br><br>SUMMIT MORTGAGE REALTY, INC., *et al.*,<br><br>    Defendants. | Case No. C05-02904 HRL<br><br>**CONSENT DECREE BETWEEN PLAINTIFFS AND DEFENDANT R+FINANCIAL** |
| JUAN MEDINA, *et al.*,<br><br>    Plaintiffs,<br><br>    vs.<br><br>ARGENT MORTGAGE COMPANY, *et al.*,<br><br>    Defendants. | Case No. C05-02905 HRL |

This action was brought by Plaintiffs **JUAN MEDINA, MARIA ANTOINETTE GARCIA, OSCAR ALANIZ, FRANCISCO LOPEZ AND MARIA CARRILLO, ADALBERTO AND MARIA REYES, JOSEPH AND YOLANDA HIDALGO, CARLOS AND VERONICA APARICIO, LUCIO RODRIGUEZ** and **MARTHA FLORES**, individually and on behalf of the general public, alleging that Defendants violated various state and federal laws by engaging in series of predatory and abusive lending practices.  Named as Defendants were **ARGENT MORTGAGE COMPANY, BNC MORTGAGE, INC.**,

1

CONSENT DECREE

**HERMAN MICHAEL COVARRUBIAS, CESAR PONTE, CESAR VALVERDE, ESPERANZA VALVERDE, ADRIANA DUENA, SUMMIT MORTGAGE REALTY, INC.,** and **R+ FINANCIAL, INC. dba AMERIMAC FIRST MORTGAGE**. This Court consolidated this action with the above-captioned *Rodriguez, et al. v. Summit, et al.* action on May 17, 2006.

Plaintiffs and defendant R+ Financial ("Defendant") have agreed that, in order to avoid protracted and costly litigation, this controversy should be resolved without a trial and therefore have consented to the entry of this Consent Decree. By entering into this Consent Decree, the parties make no admission of liability or wrongdoing in connection with the allegations and claims made in this action. Defendant agrees that upon receipt of written notification of the failure of any of its employees to abide by the terms of this Decree, Defendant will enact appropriate disciplinary action, which may include termination of the offending employee.

It is hereby ordered, adjudged and decreed that:

A.  GENERAL PROVISIONS

1.  Defendant is permanently enjoined from pressuring or coercing potential mortgage consumers into loans that those consumers cannot afford. Defendant is further enjoined from knowingly arranging a loan that is beyond the ability of the consumer to repay per the terms of the applicable promissory note. Nothing contained herein shall impose upon Defendant an obligation to make any special inquiry into the financial status of said consumers who have completed a loan application with Defendant ("Applicants"). Further, Defendant is entitled to rely upon any representations made to it by Applicants as to said Applicant'(s) income, assets, debts, and related financial information required for the application process.

2. If any loan is primarily negotiated in a language other than in English, Defendant is to provide translations of key loan documents.  Compliance with the translation requirement of California Civil Code Section 1632 shall satisfy the translation requirement of this paragraph.

3. Within 30 days of entry of this Consent Decree, Defendant, in accordance with federal and state fair housing laws, shall state in writing in their brokering and real estate listing policies that they do not discriminate based on race, color, national origin or on the basis of any other protected category under the fair housing laws (e.g., race, color, national origin, religion, physical or mental health disability, familial status, marital status, licensed daycare, sexual orientation, age, source of income or other arbitrary characteristic).  Defendant shall distribute this policy in writing to every Applicant.

4. Within 30 days of entry of this Consent Decree, Defendant shall begin issuing notices to all Applicants no fewer than 3 days before the individual signs any loan document informing the borrower that she or he is entitled to bring his or her proposed loans documents to, and seek mortgage counseling from, a HUD-certified or other non-profit mortgage counseling agency about the proposed loan terms prior to signing any final loan documents. Defendant shall also 1) provide on request, information to applicants about how to make a complaint about a real estate brokers to the California Department of Real Estate's Enforcement Section and 2) establish a link on the resources page of its website to the California Department of Real Estate's Enforcement Section.

5. Within 30 days of entry of this Consent Decree, Defendant agrees to adopt and enforce a policy that incorporates the terms of the California Association of Mortgage Brokers' Standards of Professional Practice.  Defendant shall provide a copy of this policy to every

3

CONSENT DECREE

employee or independent contractor upon commencement of employment or contract work. Defendant shall provide all Applicants with a copy of this policy.

B. TRAINING

    1.  Defendant shall ensure attendance of its principals; employees or contractors who have DRE licenses; loan assistants who have been employed as such for at least 30 consecutive days; and permanent employees involved in communicating with applicants at training session(s) regarding:

        a.  How to ensure that mortgage consumers can afford the mortgage being sold to them;

        b.  Consumer rights, such as disclosures and right to rescission; and

        c.  Mortgage brokers' ethical obligations, including honesty.

The training session(s) must be conducted by a person or organization, such as the California Association of Mortgage Brokers, or California Mortgage Association, that is mutually agreeable to plaintiffs and Defendant.  The training may be in the form of a presentation in electronic or digital or magnetic format, and may be conducted at Defendant's office.  It is defendants' responsibility to ensure that the training session is conducted within 120 days of the entry of this Consent Decree and that new employees and/or independent contractors are trained within 45 days of hiring or contracting.  It is further Defendant's responsibility to ensure that its employees and/or independent contractors are provided with regular and timely updates in such training as the law changes.

    2.  Proof of attendance at the trainings required by the above paragraph may be in a form acceptable to the DRE, such as a continuing education certificate, and shall be submitted to plaintiffs' counsel within 10 days of any training attended by Defendant's principals, employees or independent contractors.  Such reporting obligation will terminate two years from the date of entry of this Decree, after which time such information will be provided upon

written request by Plaintiff's counsel, not more frequently than once every 180 days, within 30 days of such request.

C. MONETARY PAYMENT

1. Defendant shall make the payment to the "Attorney-Client Trust Account of the Law Foundation of Silicon Valley" within 30 days of the Court Order finding that the settlement between Plaintiff and Amerimac bars any right of contribution and/or indemnity by any non-settling defendant or cross-defendant, including persons or entities not yet a party to this action ("Good Faith Settlement"). This payment is the total sum of all monetary payments to be made by Defendant to Plaintiffs, including restitution for Plaintiffs and attorneys' fees and costs.

D. MUTUAL RELEASES AND DISMISSAL

1. The parties shall execute mutual releases and waivers indicating that this Consent Decree constitutes a full and final settlement of any and all claims related to the subject matter of this action. The release shall be effective upon the Court's approval of this Consent Decree and an Order approving the Good Faith Settlement. Such release shall not modify, limit, bar, dismiss, release or discharge in any respect, any rights, claims, causes of action or actions of any of the Plaintiffs against the non-settling Defendants, or any of their insurers.

2. The parties shall stipulate to a dismissal with prejudice of all claims against Defendant. The parties agree that the Court will retain jurisdiction to enforce the terms of the Consent Decree.

E. DISPUTE RESOLUTION PROCEDURES

Plaintiffs and Defendant recognize that questions may arise as to whether defendants are fulfilling their obligations as set forth herein. In the spirit of common purpose and cooperation which occasioned this Consent Decree, the parties agree as follows:

1. If, during the term of this Consent Decree, plaintiffs believe that Defendant has breached its terms, plaintiffs—through their counsel—may notify Defendant of the alleged violation. Any such notification shall be in writing.

2. In the event of a continuing disagreement among the parties as to the appropriate resolution of the complaint, the parties shall—within ninety (90) days of the complaint—attend a mediation with a mediator mutually agreeable to both plaintiffs and Defendant. The parties agree to attend the mediation and participate in good faith. The parties may be represented by counsel at the mediation. The parties agree that each side will bear its own costs, if any, for the mediation.

3. If the parties are unable to resolve their differences at the mediation or if Defendant refuses to schedule a mediation, Plaintiffs may initiate appropriate action with this Court. If a hearing is required, the prevailing party may apply to the Court for reasonable attorneys' fees, which application shall be governed by the provisions set forth in 42 U.S.C. § 1988, 42 U.S.C. § 3612, and the case law interpreting those provisions.

F.  TERM OF CONSENT DECREE

1. This order shall be in effect so long as Defendant, or any successor operating under DRE license #01135665, provides loan brokering services to retail consumers.

It is so ordered.

Dated: _____ June 27, 2007          _____
                                            Hon. Howard Lloyd
                                            United States Magistrate Judge

AGREED:                                     KYRA KAZANTZIS
                                            JAMES F. ZAHRADKA II
                                            PUBLIC INTEREST LAW FIRM
                                            KERSTIN ARUSHA
                                            FAIR HOUSING LAW PROJECT
                                            Law Foundation of Silicon Valley
                                            111 West St. John Street, Suite 315
                                            San Jose, California 95113

                                            _____
                                            Kyra Kazantzis
                                            Attorney for plaintiffs

                                            RICE & BRONITSKY

CONSENT DECREE

1
2  _____
   Paul E. Rice
3  Attorneys for Defendant
   R+ Financial, Inc. dba Amerimac First Mortgage
4
5
   PETER BREWER
6  JULIA WEI
   LAW OFFICES OF PETER BREWER
7
8
9  _____
10 Julia M. Wei
   350 Cambridge Avenue, Suite 200
11 Palo Alto, California 94306
   Attorneys for Defendant
12 R+ Financial, Inc. dba Amerimac First Mortgage
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

CONSENT DECREE