**\*E-FILED: 7.11.2007\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRAULIO RODRIGUEZ, et al.,<br><br>    Plaintiffs,<br>  v.<br><br>SUMMIT MORTGAGE REALTY, INC., et al.,<br><br>    Defendants.<br>_____/<br>JUAN MEDINA, et al.,<br><br>    Plaintiffs,<br>  v.<br><br>ARGENT MORTGAGE COMPANY, et al.,<br><br>    Defendants.<br>_____/ | No. C05-02904 HRL<br>No. C05-02905 HRL<br><br>**ORDER GRANTING THE SUMMIT DEFENDANTS' REQUEST TO EXTEND STAY**<br><br>[Re:  C04-02904, Docket No. 56]<br>[Re:  C05-02905, Docket No. 135] |

These civil actions arise from alleged predatory lending practices in connection with home loan mortgages for which plaintiffs seek damages, as well as declaratory and injunctive relief. A stay currently is in effect in both cases in light of ongoing state criminal proceedings against defendants Esperanza Valverde, Herman Covarrubias and Cesar Valverde (aka Cesar Ponte). Case No. C05-02904HRL, *Rodriguez v. Summit Mortgage Realty, Inc., et al.* (the "Rodriguez Action") is stayed in its entirety as to all defendants. Case No. C05-02905HRL, *Medina, et al. v. Argent Mortgage Company, et al.*, (the "Medina Action") is stayed only as to

Summit Mortgage Realty, Esperanza Valverde, Herman Covarrubias and Cesar Valverde (the "Summit Defendants").

The current stay was to expire on June 30, 2007. Once again, the Summit Defendants request that it be extended. They advise that trial in the criminal matter has been set for January 14, 2008, and they seek to extend the stay of these civil proceedings through at least February 14, 2008. There evidently is no objection to the requested extension in the Rodriguez Action. However, plaintiffs in the Medina Action oppose the Summit Defendants' request. The stay remains in effect pending resolution of this dispute. The court finds that the instant matter is suitable for determination without oral argument. *See* CIV. L.R. 7-1(b). Upon consideration of the papers filed by the parties, the court grants the Summit Defendants' request.

As previously observed by this court, "[t]he Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citing *Federal Savings & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)). Absent substantial prejudice to the parties involved, simultaneous parallel civil and criminal actions are unobjectionable. *Id*. Nonetheless, a court may exercise its discretion to stay civil proceedings when the interests of justice so require. *Id.* "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" *Id*. (quoting *Molinaro*, 889 F.2d at 902). The court "should consider 'the extent to which the defendant's fifth amendment rights are implicated.'" *Id*. Additionally, the court should also generally consider the following factors:

(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;

(2) the burden which any particular aspect of the proceedings may impose on defendants;

(3) the convenience of the court in the management of its cases, and the efficient use of judicial resources;

(4) the interests of persons not parties to the civil litigation; and

(5) the interest of the public in the pending civil and criminal litigation.

2

*Id.* at 325.

There being no objection to a continued stay in the Rodriguez Action, the Summit Defendants' request is granted as to that proceeding. The court will now turn to an evaluation of the arguments presented by the *Medina* plaintiffs and the Summit Defendants.

The Summit Defendants maintain that lifting the stay will impose an undue burden upon their fifth amendment rights.[1] There is no serious dispute that the fifth amendment rights of the individual Summit Defendants are implicated because of the parallel criminal proceedings against them. Moreover, the court previously found that while Summit Mortgage Realty enjoys no such privilege, there apparently is no other corporate personnel who could be designated to testify on its behalf.

At the same time, however, even where a defendant has a strong fifth amendment interest, this court also recognizes that:

> [a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege. Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding.

*Keating*, 43 F.3d 322, 326 (1995) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)). Moreover, the court may deny a stay where less drastic remedies can protect defendants' fifth amendment privileges – e.g., by answering with truthful information that does not incriminate them or through appropriate protective orders. *See Molinaro*, 899 F.2d at 903. Nevertheless, unlike Molinaro, the Summit Defendants have been indicted and have not yet given any depositions concerning the instant action. Accordingly, the court concludes that defendants have a significant fifth amendment interest – which nonetheless is but one factor to be weighed against other considerations.

---

[1] To the extent there are other concerns, the Summit Defendants have not clearly identified them to the court. Esperanza Valverde's criminal defense counsel attests – but only in very conclusory fashion – that Valverde will be irreparably harmed if she is forced to simultaneously defend against the *Medina* plaintiff's civil lawsuit. (*See* Picone Decl. ¶ 10).

3

For their part, the *Medina* plaintiffs contend that an extended stay will threaten their ability to effectively prosecute their claims – e.g., because of the general risk that witnesses may relocate and memories may fade over time. They also assert that their ability to obtain any recovery against the Summit Defendants will be compromised. Here, they express concern that the Summit Defendants will dissipate their assets by, for example, continuing to pay their private criminal defense counsel.

Plaintiffs do have an interest in proceeding promptly and expeditiously with their claims. Nevertheless, under the particular circumstances presented here, the court finds these arguments underwhelming. In its March 21, 2007 order, the court expressed a desire to see some substantiation of plaintiffs' assertions of prejudice. In their present opposition papers, plaintiffs have declined to do so and merely refer the court to the allegations of their Second Amended Complaint. Plaintiffs are free at this time to take discovery of other defendants, talk with witnesses and, if necessary, take steps to preserve their own testimony as to the events in question. Moreover, it is not clear that dissipation of assets (if any) would be alleviated if the Summit Defendants were compelled to simultaneously defend the criminal and civil actions.

The *Medina* plaintiffs nonetheless argue that they are being hampered from discovering the identity of any potential new "victims," and, further, they express concern that the statute of limitations may be running as to any unknown and unidentified claims. Additionally, they contend that the Summit Defendants continue to pose a threat to the public at large because their real estate licenses have not been suspended or revoked and they continue to operate their business while on out on bail pending their criminal trial. Here, they point to testimony from a June 2006 bail hearing which, plaintiffs say, establish that Esperanza Valverde continues to breach her fiduciary duties. (*See* Zahradka Decl., ¶ 6, Ex. B at pp. 35-36). The Summit Defendants object to the evidentiary value of that testimony here as hearsay.

This court finds that any risk of harm to third parties, although theoretically possible, does not, on the record presented, outweigh the Summit Defendants' fifth amendment interests. The state court apparently has seen fit to keep the Summit Defendants free on bail, and they are entitled to due process of law as to the charges against them. While the court and the public

4

1 generally have an interest in the expeditious resolution of litigation, under the circumstances
2 presented here, the court concludes that, on balance, the interests of justice require an extension
3 of the stay of these proceedings.

4     Based on the foregoing, IT IS ORDERED THAT:

5     1. The Summit Defendants' request to extend the stay is GRANTED. The stay of
6 the Rodriguez Action (as to all defendants) and the Medina Action (as to the Summit
7 Defendants only) is extended until the resolution of the state criminal proceedings or February
8 14, 2008, whichever occurs first. If the criminal trial is completed before February 14, 2008,
9 the Summit Defendants shall promptly file a report so advising the court and the parties in the
10 Rodriguez and Medina Actions.

11     No later than **February 19, 2008**, the parties shall file a joint case management
12 statement in their respective actions. The parties in both actions shall appear for a case
13 management conference on **February 26, 2008, 1:30 p.m.** in Courtroom 2.

14     2. The Summit Defendants shall continue to provide monthly status reports as to
15 the progress of the criminal case pursuant to this court's March 21, 2007 order.

16 Dated: July 11, 2007

17 
18 HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

**5:05-cv-2904 Notice will be electronically mailed to**:

Philip M. Adleson padleson@ahk-law.com, tclark@ahk-law.com

Nancy M. Battel nancy@battelaw.com, battelaw@aol.com

Hsiao C. Mao mmao@ahk-law.com, dvajretti@ahk-law.com

James L. Stoelker jstoelker@mount.com, sretes@mount.com

Glenn H. Wechsler glenn@glennwechsler.com

**5:05-cv-2905 Notice will be electronically mailed to:**

Philip M. Adleson padleson@ahk-law.com, tclark@ahk-law.com

Kerstin Arusha kerstina@lawfoundation.org

Peter N. Brewer pbrewer@brewerfirm.com, julia@brewerfirm.com

Moses Diaz mosesd@lawfoundation.org, moses@ucdavis-alumni.com

Matthew Greinert greinertm@howrey.com, jamesjimmy@howrey.com

Kyra Ann Kazantzis kyrak@lawfoundation.org

David A. Makman makmand@howrey.com,

Hsiao C. Mao mmao@ahk-law.com, dvajretti@ahk-law.com

Jack R. Nelson jnelson@reedsmith.com, cahunt@reedsmith.com; jnelson@reedsmith.com

Paul E. Rice price@rutan.com, jmccluskey@rutan.com

James F. Zahradka , II jamesz@lawfoundation.org, teresam@lawfoundation.org

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.