*E-FILED 11/2/2007*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUAN MEDINA, MARIA ANTONETTE GARCIA, OSCAR AND ODULIA ALANIZ, FRANCISCO LOPEZ AND MARIA CARRILLO, ALBERTO AND MARIA REYES, JOSEPH AND YOLANDA HIDALGO, CARLOS AND VERONICA APARICIO, RICARDO GOMEZ AND MARIA ROSAS, AND MARIA GARIBAY,<br><br>Plaintiffs,<br><br>v.<br><br>ARGENT MORTGAGE COMPANY, BNC MORTGAGE, INC., HERMAN MICHAEL COVARRUBIAS, CESAR PONTE aka CESAR VALVERDE, ESPERANZA VALVERDE, SUMMIT MORTGAGE REALTY, INC., and R+ FINANCIAL, INC. dba AMERIMAC FIRST MORTGAGE,<br><br>Defendants. | No. C05-02905 HRL<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**<br><br>**[Docket No. 155]** |

The parties presently are before the court on plaintiffs' motion for entry of a protective order. Pursuant to Civil Local Rule 7-1(b), the court finds this matter appropriate for determination without oral argument, and the November 6, 2007 motion hearing is vacated. Upon consideration of the papers submitted, the court will grant plaintiffs' motion and enter the order proposed by plaintiffs and Argent, with some modification.

1  This action arises from alleged predatory lending practices in connection with home
2  loan mortgages for which plaintiffs seek damages, as well as declaratory and injunctive relief.
3  The Second Amended Complaint, the operative pleading, seeks relief for claimed violations of
4  several federal and state laws. The lawsuit has been stayed as to defendants Summit Mortgage
5  Realty, Inc., Cesar Ponte (aka Cesar Valverde), Herman Covarrubias and Esperanza Valverde
6  (collectively, the "Summit Defendants"), pending the resolution of related state criminal
7  proceedings against them.

8  There is no dispute that a blanket protective order is necessary to protect confidential
9  and private information that is expected to be produced in discovery, including confidential
10 information about defendants' respective businesses, as well as plaintiffs' personal and private
11 financial data. However, the parties disagree as to the terms that should be included in the
12 order. Plaintiffs and defendant Argent Mortgage Company ("Argent") have agreed to a form of
13 order and request that it be entered by the court. Plaintiffs represent to the court that third-party
14 defendant Commonwealth Land Title Company also agrees to the form of order proposed by
15 plaintiffs and Argent. The Summit Defendants, as to whom discovery currently is stayed, argue
16 that this court should instead enter a protective order like the one that has been entered by the
17 state court in the related criminal proceedings. Although the record shows that plaintiffs duly
18 served notice of their motion on all parties, defendant BNC Mortgage, Inc. has not advised
19 whether it opposes the motion or has any objection.[1]

20 Preliminarily, the Summit Defendants contend that plaintiffs lack standing to seek entry
21 of a protective order because their proposed order is meant to protect the lender defendants
22 (*e.g.*, Argent) in discovery. Relatedly, they contend that plaintiffs have failed to establish good
23 cause for entry of a protective order because no discovery requests have been propounded
24 against plaintiffs, and additionally, that plaintiffs are merely seeking to conduct a fishing
25 expedition as to defendants. Further, they argue that plaintiffs' proposed order is too complex,
26 unduly burdensome and impracticable. Plaintiffs maintain that the Summit Defendants'

---

[1] All claims involving defendant R+ Financial, Inc. (dba Amerimac First Mortgage) have been settled.

2

proposed order is too generalized and does not go far enough in addressing many issues which commonly arise in civil litigation.

Although the Summit Defendants express concern that plaintiffs will conduct a fishing expedition in discovery, the propriety of any particular discovery requests is not before the court on the instant motion.

The Summit Defendants' arguments re standing are equally unavailing.  As noted above, Argent joins in plaintiffs' request for entry of the protective order, which contemplates the protection of confidential information expected to be produced by all parties.

Moreover, the order proposed by plaintiffs and Argent, which appears to be based in large part upon the Northern District of California's suggested Model Protective Order, has been entered by this court in a wide variety of civil lawsuits.  Such orders are commonly entered in advance of discovery to (a) establish the procedures for the exchange and treatment of claimed confidential information; and (b) avoid potentially burdensome and expensive motions practice to resolve disputes on an ad hoc basis.  Further, the instant action involves an appreciable number of parties with varying claims and counterclaims.  While plaintiffs' proposed order is considerably more detailed than the order proposed by the Summit Defendants, this court finds that it addresses many of the issues which typically arise in federal civil litigation and strikes an appropriate balance between a requesting party's need for discovery and a responding party's desire to protect its confidential information.

The Summit Defendants nonetheless complain that the order proposed by plaintiffs and Argent is too cumbersome because it requires compliance with the court's Civil Local Rule 79-5 with respect to filing confidential information under seal.  This argument is not well taken.  It should go without saying that parties are obliged to follow the court's local rules.  Insofar as the court may be required to consider confidential information to resolve a particular matter before it, Civil Local Rule 79-5 sets forth the procedures that must be followed.  A blanket protective order will not suffice to allow the filing of documents under seal.  *See* CIV. L.R. 79-5 and commentary.  That the order proposed by plaintiffs and Argent states this requirement expressly does not make it "cumbersome."

3

Finally, the Summit Defendants raise a number of questions about the mechanics of plaintiffs' proposed order. In essence, they complain that it (a) limits disclosure of documents only to a "receiving party's" expert, but does not provide that documents will be produced to any other party's expert; and (b) it imposes an undue burden by requiring that third parties (including former officers, directors or employees of a party) sign an agreement to be bound by the protective order before any confidential information may be disclosed to them. The court does not find the stated concerns as to disclosure to parties' retained experts to be well founded inasmuch as information that is produced in discovery will be produced to all parties. As for disclosure to third parties, the court will adopt plaintiffs' proposed modification permitting disclosure of confidential information to fact witnesses who were authors or recipients of the documents or things, even if those witnesses have not yet signed the "Agreement to Be Bound by Protective Order." In any event, if an issue should arise which a party believes requires modification of the order, the party may bring the matter to the court's attention at that time. (*See* Plaintiffs' Proposed Order at ¶ 13.1).

Based on the foregoing, it is ordered that plaintiffs' motion is granted. The protective order proposed by plaintiffs and Argent will be entered, with some modification, as an order of the court.

Dated:   November 2, 2007

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**5:05-cv-2905 Notice will be electronically mailed to:**

Philip M. Adleson padleson@ahk-law.com, tclark@ahk-law.com

Kerstin Arusha kerstina@lawfoundation.org

Peter N. Brewer pbrewer@brewerfirm.com, julia@brewerfirm.com

Moses Diaz mosesd@lawfoundation.org, moses@ucdavis-alumni.com

Matthew Greinert greinertm@howrey.com, jamesjimmy@howrey.com

Kyra Ann Kazantzis kyrak@lawfoundation.org

David A. Makman makmand@howrey.com

Hsiao C. Mao mmao@ahk-law.com, dvajretti@ahk-law.com

Jack R. Nelson jnelson@reedsmith.com, cahunt@reedsmith.com; jnelson@reedsmith.com

Paul E. Rice price@rutan.com, jmccluskey@rutan.com

James F. Zahradka , II jamesz@lawfoundation.org, teresam@lawfoundation.org

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.